IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-858C<br>Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7.1 of the Rules of the Court of Federal Claims ("RCFC") and this Court's inherent power to stay its proceedings, we respectfully request that the Court stay all proceedings in this matter until January 15, 2008. The requested stay is necessary in order to avoid interference with an ongoing criminal investigation by the United States Department of Justice into allegations that the contracting officers responsible for awarding and administering the contract that is the subject of this litigation accepted bribes from contractors. Plaintiff, Gulf Group General Enterprises Co. ("Gulf Group"), is a subject of the investigation, including with respect to its activities related to the contract at issue in this case. Plaintiff has been contacted and does not oppose this request for a stay.

**BACKGROUND**

This lawsuit, filed December 15, 2006, involves a contract dispute arising under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, between Gulf Group and the U.S. Army. The complaint in this action concerns Fixed Price Service Contract No. W912D1-04-R-0029 (the "contract"), awarded by the U.S. Army to Gulf Group on or about August 18, 2004. Amended Complaint ("Compl.") ¶ 6, Exhibit A. The contract provided for the lease of latrines from Gulf

Group and required Gulf Group to provide maintenance, supplies and cleaning services for those latrines. Id. The contract was signed by the contracting officer, Major Gloria D. Davis, who later committed suicide after admitting to Government investigators that she had taken bribes. Another contracting officer, Major John Cockerham, was responsible for administration of the contract and ultimately terminated the contract for the convenience of the Government.

Major Cockerham was arrested on July 22, 2007 and indicted for accepting bribes from Government contractors on August 22, 2007. Exh. 1, ¶ 2. The indictment contains six counts including: conspiracy, three counts of bribery, money laundering conspiracy, and conspiracy to obstruct justice; the indictment also includes a criminal forfeiture claim. Exh. 2, ¶ 2. In connection with Major Cockerham's arrest on bribery and conspiracy charges, DOJ is investigating all Government contracts in which Major Cockerham acted as the contracting officer. Exh. 1, ¶¶ 2-5. As a result, DOJ is investigating Gulf Group because Major Cockerham acted as the contracting officer for several contracts between the Army and Gulf Group, including the contract at issue in this case. Id.

## ARGUMENT

Stays of civil litigation pending criminal investigations are appropriate in order to avoid the conflicts inherent in concurrent proceedings. Luigi Goldstein, Inc. v United States, 217 Ct. Cl. 733 (1978); Litton Systems, Inc. v. United States, 215 Ct. Cl. 1056 (1978); Peden v. United States, 206 Ct. Cl. 329 (1975). In its decision in Peden, the United States Court of Claims articulated the sound policy against proceeding with civil actions when parallel criminal investigations are taking place, stating:

> We believe it has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts

> is warming up or under way . . . . [This practice] . . . rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.

Peden, 206 Ct. Cl. at 338.

This civil action is closely related to the criminal action and, thus, the continuation of the present litigation would interfere with the criminal investigation. Discovery and litigation of this action likely will involve the same documents and the same witnesses as the criminal investigation and may, therefore, interfere with the ongoing criminal investigation. Moreover, given the above-described circumstances, the Government will want to consider asserting a defense and/or counterclaim of fraud in this action. Discovery on that issue will tread on precisely the same ground as is being investigated by the criminal authorities. In addition, we note that this Court issued a similar stay in another case involving Gulf Group, Gulf Group Gen. Enters. Co. v. United States, No. 07-082-MBH (Fed. Cl.).

The stay sought in this case is reasonable in duration. Investigators anticipate concluding their investigation by the end of this year. On that basis, we have requested a stay through January 15, 2007. We further propose that the Government submit a status report to the Court on that date, informing the Court of the status of the investigation and either proposing a schedule for further proceedings or requesting additional time for the stay, depending on the circumstances at that time.

For the foregoing reasons, we respectfully request a stay of proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 616-8253
Robert.Chandler@usdoj.gov

October 19, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2007, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert E. Chandler

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GULF GROUP GENERAL ENTERPRISES CO. W.L.L., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-858C (Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DECLARATION OF LARRY SCOTT MORELAND

Pursuant to the authority of 28 U.S.C. § 1746, I make the following declaration:

1. I am a Special Agent employed by the Army Criminal Investigations Command ("CID"). The jurisdiction of the CID includes criminal matters related to the U.S. Army.

2. As part of my official duties, I am currently involved in a criminal investigation of Major John Cockerham. Major Cockerham was arrested on July 22, 2007 and subsequently indicted on August 22, 2007 on charges relating to accepting bribes from Government contractors while he was employed as a contracting officer stationed in Kuwait.

3. Many of these bribes are believed to have been paid to Major Cockerham by Government contractors in order to obtain favorable contracts for the supply of latrine services in Kuwait.

4. Major Cockerham acted as a contracting officer for numerous Government contracts including the Fixed Price Service Contract No. W912D1-04-R-0029 (the "contract"), awarded by the U.S. Army to Gulf Group General Enterprises Co. W.L.L. ("Gulf Group") on or about August 18, 2004.

5. The criminal investigation is focused on whether Government contractors paid bribes to Major Cockerham. Gulf Group is being investigated, along with all other contractors awarded contracts for which Major Cockerham acted as the contracting officer. This investigation includes the contract.

6. It is expected that a decision will be made by the end of 2007 whether to pursue criminal charges against Gulf Group.

I declare under the penalty of perjury that the foregoing is true and correct.

[signature]

Larry Scott Moreland

19 Oct 07

Date